UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
FIRLANDO RIVERA,                   )
                                   )
        Petitioner,                )
                                   )
    v.                             )   C.A. No. 14-23 S
                                   )
ASHBEL T. WALL, II,                )
                                   )
        Respondent.                )
_____)

### ORDER

WILLIAM E. SMITH, Chief Judge.

The State of Rhode Island (the "State") has filed a motion to dismiss Firlando Rivera's 28 U.S.C. § 2254 petition for writ of habeas corpus on timeliness grounds. (ECF No. 4.) The accuracy of the State's accounting hinges on the correctness of its position that a motion to reduce a sentence filed under Rule 35 of the Rhode Island Superior Court Rules of Civil Procedure ("Rhode Island Rule 35") triggers collateral review, the filing of which tolls the limitations period until the motion is adjudicated. See 28 U.S.C. § 2244(d)(2); Wall v. Kholi, 562 U.S. 545, 555-56 (2011) (holding that a motion to reduce sentence under Rhode Island Rule 35 is an application for collateral review under § 2244(d)(2) in a case where parties "agree[d] that such a motion is not part of the direct review process").

Unlike in Kholi, however, the parties in this case do not agree that a Rhode Island Rule 35 motion is not part of the direct review process. Instead, Rivera argues in his opposition to the State's motion to dismiss that consideration of a motion to reduce sentence under Rhode Island Rule 35 is part of the direct review process. (See Rivera's Opp'n 4-5, ECF No. 10.) If Rivera's position is correct, his habeas petition was timely filed. To support his position, Rivera relies on footnote three from the Kholi opinion, in which the Court stated:

> We can imagine an argument that a Rhode Island Rule 35 proceeding is in fact part of direct review under § 2244(d)(1) because, according to the parties, defendants in Rhode Island cannot raise any challenge to their sentences on direct appeal; instead, they must bring a Rule 35 motion. See, e.g., State v. Day, 925 A.2d 962, 985 (R.I. 2007) ("It is well settled in this jurisdiction that a challenge to a criminal sentence must begin with the filing of a [Rule 35] motion . . . . [W]e will not consider the validity or legality of a sentence on direct appeal unless extraordinary circumstances exist" (internal quotation marks omitted)); State v. McManus, 990 A.2d 1229, 1238 (R.I. 2010) (refusing to consider Eighth Amendment challenge on direct review because "[t]o challenge a criminal sentence, the defendant must first file a motion to reduce in accordance with Rule 35"); see also Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S. Ct. 681, 685–686, 172 L.Ed.2d 475 (2009). That issue has not been briefed or argued by the parties, however, and we express no opinion as to the merit of such an argument. Even if we were to assume that a Rhode Island Rule 35 motion is part of direct review, our disposition of this case would not change: Respondent's habeas petition still would be timely, because the limitation period would not have begun to run until after the Rule 35 proceedings concluded.

Kholi, 562 U.S. at 555 n.3.[1]

Since Kholi, no court has been squarely confronted with the issue raised in footnote 3 of the Court's opinion: whether a Rhode Island Rule 35 motion seeks direct, as opposed to collateral, review.  In addition, the parties' briefing on this issue is inadequate for this Court to give it the full consideration that it is due.  Indeed, the State surprisingly did not even address this argument in its reply brief.

For these reasons, the Court declines to consider this novel issue at this time.  The State's motion to dismiss on the basis of timeliness is DENIED WITHOUT PREJUDICE, and the State is hereby ordered to respond to Rivera's petition on the merits.  Depending on the parties' briefing on the merits, this Court may request supplemental briefing on the issue of timeliness, including on the issue raised in footnote three of Kholi.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  September 22, 2015

---

[1] Justice Scalia concurred in all but footnote three of the Court's opinion.  See Wall v. Kholi, 562 U.S. 545, 561 (2011) (Scalia, J., concurring in part).